```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Christine Evenson,

    Plaintiff,

  v.                        Case No. 2:13-cv-1226

Palisades Collection, LLC,
et al.,

    Defendants.

OPINION AND ORDER

    This is an action filed by plaintiff Christine Evenson against Palisades Collection, LLC; Levy & Associates, LLC; and Yale R. Levy and Abbe Lee Simmons (individuals affiliated with Levy & Associates) (collectively "the defendants"). Plaintiff asserts claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01, et seq. ("OCSPA"), and a claim for abuse of process under Ohio law. Plaintiff alleges that she was mistakenly and wrongfully named as a judgment debtor of AT&T in an action filed by defendant Palisades Collection in the Municipal Court of Franklin County, Ohio, resulting in a judgment of over $2,800.00 being levied against her, and that the Levy & Associates defendants wrongfully attempted to collect this alleged debt from her. As to each claim, plaintiff alleges that she "has suffered actual damages, including emotional distress and humiliation and has incurred attorney fees and costs[.]" Doc. 1, ¶¶ 34, 37, 40. In the demand section of the complaint, plaintiff seeks statutory and actual damages, recovery for attorney fees and costs, and punitive damages "for a total award in excess of

$25,000.00[.]" Doc. 1, p. 10.

This matter is before the court on defendants' June 6, 2014, motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants note that on May 29, 2014, defendant Levy & Associates served upon plaintiff an offer of judgment pursuant to Fed. R. Civ. P. 68. The offer specified that Levy & Associates would pay to plaintiff "the sum total of $7,000.00" as well as plaintiff's "actual costs and reasonable attorney's fees incurred in this federal case, in an amount agreed upon by the parties or as determined by the court." Doc. 23-1, p. 1. Defendants contend that the amount of $7,000.00 offered in damages was more than enough to satisfy plaintiff's claims, specifically: plaintiff's claim for $5,100.00 in actual damages consisting of attorney's fees incurred by plaintiff in securing the removal of her name from the state court case, as identified in her initial disclosure statement under Fed. R. Civ. P. 26(a)(1)(A)(iii); $1,000.00 in statutory damages under the FDCPA; and $200.00 in statutory damages under the OSCPA.[1] This offer did not take into account other actual damages which might be awarded under the FDCPA or the OSCPA, nor did it address damages which would be recoverable under Ohio law under the abuse of process claim.

Plaintiff did not accept the offer. Nonetheless, relying on O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567 (6th Cir.

---

[1] The FDCPA provides for an award for actual damages as well as additional statutory damages not to exceed $1,000. 15 U.S.C. §1692k(a)(1) and (2). Where deceptive or unconscionable acts are proved, the OSCPA allows for the recovery of the greater of three times the consumer's actual economic damages or $200, whichever is greater, plus noneconomic damages not exceeding $5,000. Ohio Rev. Code §1345.09(B).

2

2009), defendants argue that because plaintiff has been offered a settlement allegedly sufficient to satisfy her claims, no case or controversy exists. Defendants contend that the case should be dismissed upon entry of judgment in plaintiff's favor as specified in the offer of judgment. Plaintiff opposes the motion, noting that she is also seeking actual damages for intangible factors such as emotional distress, humiliation, loss of self-esteem, and stress on interpersonal relationships, and that the prayer for damages in the complaint includes a request "for a total award in excess of $25,000.00[.]"

Pursuant to Rule 68, a party defending against a claim "may serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). If the offer is accepted, then the clerk must enter judgment. Rule 68(a). An offer which is not accepted within fourteen days is considered withdrawn. Fed. R. Civ. P. 68(b). However, if "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "cases" and "controversies," a requirement that must be satisfied throughout the life of the case. U.S. Const. art. III, §2, cl. 1; Fialka-Feldman v. Oakland Univ. Bd. of Trustees, 639 F.3d 711, 713 (6th Cir. 2011). A case becomes moot when the plaintiff no longer has a "personal stake" in the outcome of the litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998)(citation omitted). In O'Brien, the Sixth Circuit noted that "a Rule 68 offer can be used to show that

3

the court lacks subject-matter jurisdiction." O'Brien, 575 F.3d at 574 (citing Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999)(an offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based," because "[y]ou cannot persist in suing after you've won")). Thus, "an offer of judgment that satisfies a plaintiff's entire demand moots the case." O'Brien, 575 F.3d at 574; see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 372 (4th Cir. 2012)(when plaintiff makes a specific demand in the complaint for damages or otherwise specifies the value of his claims, an offer of judgment in excess of that value will moot the case). In such a case, the proper approach not to dismiss the case outright for lack of subject-matter jurisdiction; rather, the court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment. O'Brien, 575 F.3d at 575. The O'Brien court also held that the defendant is not required to offer a number certain for plaintiff's attorney's fees; it is sufficient if the defendant offers to pay reasonable attorney's fees to be determined by the court. Id.

In Hrivnak v. NCO Portfolio Management, Inc., 719 F.3d 564 (6th Cir. 2013), involving facts remarkably similar to those in the instant case, the Sixth Circuit further addressed the requirements for finding a case to be moot following a Rule 68 offer of judgment. Hrivnak asserted claims under the FDCPA and the OCSPA, seeking statutory, compensatory and punitive damages exceeding $25,000, as well as declaratory and injunctive relief. Id. at 566. As in the instant case, the defendants made an offer of judgment in the total amount of $7,000.00, plus reasonable costs and attorney's

4

fees.  Id.  Defendants also argued that the plaintiff could not recover any additional actual or punitive damages, and that the offer encompassed everything that plaintiff deserved or could recover.  Id. at 567.  The Sixth Circuit reiterated that "[t]o moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff everything he has asked for as an individual.  That means his 'entire demand,' as we have said."  Id. (quoting O'Brien, 575 F.3d at 574)(emphasis in original).  "An offer limited to the relief the defendant believes is appropriate does not suffice."  Id. (emphasis in original).

    The court went on to observe:

> In this case, the defendants did not offer to satisfy all of Hrivnak's individual demands.  They offered to satisfy just those demands they believed were legitimate under state law and the FDCPA.  Hrivnak asked for more than $25,000, reasonable attorney's fees and injunctive and declaratory relief.  Yet the defendants offered him $7,000 plus costs and attorney's fees.  That was it.  Reasonable though the defendants' offer may have been (and may still prove to be), the disparity between what they offered and what the plaintiff sought generally will preclude a finding of mootness.  Just so here.

Id. at 568 (emphasis in original); see also Sibersky v. Borah, Goldstein, Altchuler & Schwartz, P.C., 242 F.Supp.2d 273, 277-78 (S.D.N.Y. 2002)(case was not moot where Rule 68 offer included only statutory damages, whereas complaint, when liberally construed, could be read as also requesting actual damages).

    Noting the distinction between the merits of a claim and the existence of a live controversy, the court commented that "'[a] bad theory (whether of liability or of damages) does not undermine federal jurisdiction.'"  Hrivnak, 719 F.3d at 568 (quoting Gates v. Towery, 430 F.3d 429, 432 (7th Cir. 2005)).  The court concluded

5

that although defendants disputed what plaintiff should receive on the merits, because plaintiff's other claims "were not 'so insubstantial' that they 'fail[ed] to present a federal controversy,' the defendants' Rule 68 offer did not deprive the court of subject matter jurisdiction." Id. at 569 (quoting Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 445 (6th Cir. 2006)).

Here, as in Hrivnak, plaintiff's complaint prays for statutory and actual damages, recovery for attorney fees and costs, and punitive damages "for a total award in excess of $25,000.00[.]" Doc. 1, p. 10. Plaintiff further alleges in her complaint that she "has suffered actual damages, including emotional distress and humiliation and has incurred attorney fees and costs[.]" Doc. 1, ¶¶ 34, 37, 40. The offer of judgment was only for $7,000, plus reasonable attorney's fees and costs, less than the plaintiff requested in her complaint.

In their reply, defendants argue that only the damages identified in plaintiff's initial disclosure pursuant to Rule 26(a)(1)(A)(iii) should be considered in determining whether the Rule 68 offer of judgment exceeded the relief requested by plaintiff. Under Rule 26, a party must provide to the other parties "a computation of each category of damages claimed by the disclosing party" and must also "make available for inspection and copying ... the documents or other evidentiary material .. on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]" Rule 26(a)(1)(A)(iii). In her initial disclosure, plaintiff provided documents supporting her claim for actual expenses, specifically, attorney's fees, she allegedly incurred in the amount of $5,100.00, to secure the

6

amendment of the state court judgment, see Doc. 23-3, pp. 2-5, but she did not list any other damages.

Defendants cite no authority for the proposition that a determination of mootness following a Rule 68 offer of judgment must be based solely on the damages identified in a party's initial disclosure statement, as opposed to the party's complaint. In fact, applying such a de facto estoppel in this case would conflict with the discovery process itself. A Rule 26(a)(1)(A)(iii) statement is, by the express language of that Rule, an "initial disclosure." Rule 26 anticipates that a party may need to update an initial disclosure statement. See Fed. R. Civ. P. 26(e)(1)(A)("A party ... "must supplement or correct its disclosure or response ... if the party learns that in some material respect the disclosure or response is incomplete or incorrect, or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing"). According to the order entered by the magistrate judge in this case (Doc. 17), discovery does not close until November 29, 2014, and plaintiff can arguably supplement her initial disclosure statement before the cut-off date.

In her initial disclosure statement, plaintiff identified herself as a person with discoverable knowledge relevant to the claims. Doc. 23-3, p. 1. The court would expect that evidence bearing on emotional distress would be of the sort elicited through plaintiff's deposition testimony rather than discoverable documents. In addition, courts have generally recognized that emotional distress and punitive damages are typically not amenable to the type of disclosures contemplated by Rule 26(a)(1)(A)(iii),

and have held that the failure to disclose a number or calculation for such damages was substantially justified. See Scheel v. Harris, No. 3:11-17-DCR, 2012 WL 3879279 at *7 (E.D.Ky. Sept. 6, 2012)(noting that because emotional suffering is personal and difficult to quantify, and because compensatory damages are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation required for initial disclosure; punitive damages are also not amenable to the initial disclosure requirements); see also Williams v. Trader Publishing Co., 218 F.3d 481, 486 n. 3 (5th Cir. 2000)(because compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26); E.E.O.C. v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 639 (E.D.Wash. 2011)(denying motion to compel computation of plaintiff's emotional distress and punitive damages on the basis that they are issues for the factfinder, but noting that plaintiff may be foreclosed from suggesting a specific amount to the jury for emotional distress damages if plaintiff fails to supplement its Rule 26 disclosures with a computation of damages); Sandoval v. American Bldg. Maintenance Industries, Inc., 267 F.R.D. 257, 281-83 (D. Minn. 2007)(same).

In this case, plaintiff alleged in her complaint that she "has suffered actual damages, including emotional distress and humiliation and has incurred attorney fees and costs[.]" Doc. 1, ¶¶ 34, 37, 40. The complaint further states that plaintiff seeks statutory and actual damages, recovery for attorney fees and costs, and punitive damages "for a total award in excess of $25,000.00[.]"

Doc. 1, p. 10.  The Rule 68 offer of judgment did not meet her entire demand, and therefore a case or controversy is still presented in this case.  Defendants' motion to dismiss (Doc. 23) is denied.

    It is so ordered.

Date: October 9, 2014          s/James L. Graham
                                      James L. Graham
                                      United States District Judge