IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTINE EVENSON,

                Plaintiff,

       vs.                         Civil Action 2:13-cv-1226
                                       Judge Graham
                                       Magistrate Judge King

PALISADES COLLECTION, LLC,
*et al.*,

                Defendants.

### OPINION AND ORDER

I.   **Background**

     This is an action filed by plaintiff Christine Evenson against Yale R. Levy, Levy & Associates, LLC, (collectively the "Levy Defendants"), Palisades Collection, LLC ("PCLLC"), and Abbe Lee Simmons.  Plaintiff asserts claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01, *et seq.*, and a claim for abuse of process under Ohio law.  Plaintiff alleges that she was mistakenly and wrongfully named as a judgment debtor in an action filed by PCLLC in the Municipal Court of Franklin County, Ohio, resulting in a judgment of more than $2,800.00 against her, and that the Levy Defendants wrongfully attempted to collect this alleged debt from her.  Plaintiff seeks statutory and actual damages, punitive damages, and attorney fees and costs.

     This matter is now before the Court for consideration of

1

plaintiff's motion to compel answer to interrogatories and response to requests for the production of documents and to determine the sufficiency of answers to requests for admission. *Plaintiff's Motion*, ECF 18. *Plaintiff's Motion* also seeks an award of attorney fees and an extension of the date by which motions for leave to amend the pleadings may be filed.  Defendants oppose *Plaintiff's Motion*, *Defendants' Memorandum in Opposition to Plaintiff's Motion for Order Compelling Discovery* ("*Defendants' Response*"), ECF 22, and plaintiff has filed a reply, *Plaintiff's Reply*, ECF 26.  For the following reasons, *Plaintiff's Motion* is **GRANTED in part** and **DENIED in part**.

## II.  Standards

Plaintiff's request to compel response to interrogatories and requests for production of documents is governed by Rule 37 of the Federal Rules of Civil Procedure.  Rule 37 authorizes a motion to compel discovery when a party fails to provide a proper response to an interrogatory under Rule 33 or a proper response to a request for production of documents under Rule 34.  Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Relevance for discovery

2

purposes is extremely broad.  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial.  The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).  However, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(2)).  *See also Lewis*, 135 F.3d at 402 (determining the proper scope of discovery falls within the broad discretion of the trial court).  In determining the proper scope of discovery, a district court balances a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle & Mfg. Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998)).

Finally, the party moving to compel discovery must certify that she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  This prerequisite has been met here.

Plaintiff's request to determine the sufficiency of defendants' answer to requests for admission and to either compel further answer or deem the requests admitted is governed by Rule 36 of the Federal Rules of Civil Procedure.  Rule 36 permits a party to

serve on any other party a written request to admit, for
purposes of the pending action only, the truth of any
matters within the scope of Rule 26(b)(1) relating to:

(A)    facts, the application of law to fact, or opinions
       about either; and

(B)    the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30

days after being served, the party to whom the request is directed

serves on the requesting party a written answer or objection addressed

to the matter and signed by the party or its attorney." Fed. R. Civ.

P. 36(a)(3).

> If a matter is not admitted, the answer must specifically
> deny it or state in detail why the answering party cannot
> truthfully admit or deny it.  A denial must fairly respond
> to the substance of the matter; and when good faith
> requires that a party qualify an answer or deny only a part
> of a matter, the answer must specify the part admitted and
> qualify or deny the rest.  The answering party may assert
> lack of knowledge or information as a reason for failing to
> admit or deny only if the party states that it has made
> reasonable inquiry and that the information it knows or can
> readily obtain is insufficient to enable it to admit or
> deny.

Fed. R. Civ. P. 36(a)(4).  After considering a motion to determine the

sufficiency of an answer or objection, a court may find that an

objection was justified or, if not, order that an answer or amended

answer be served or deem the matter admitted.  Fed. R. Civ. P.

36(a)(6).

## III. Discussion

Plaintiff seeks to compel response to interrogatories and

requests for the production of documents and to determine the

sufficiency of answers to requests for admission.  *Plaintiff's Motion*

4

addresses several categories of discovery requests.  Each will be discussed in turn.[1]

### A. Request for Production Nos. 1, 2, and 4 to the Levy Defendants, Request for Production No. 5 to PCLLC, and Request for Admission No. 4 to the Levy Defendants

Plaintiff seeks to compel response to Request for Production Nos. 1, 2, and 4 propounded to the Levy Defendants, Request for Production No. 5 propounded to PCLLC, and Request for Admission No. 4 propounded to the Levy Defendants.  *Plaintiff's Motion*, pp. 5-7.  Request for Production Nos. 1 and 2 issued to the Levy Defendants seek "all documents relative to" Christine Stevenson and Christine Evenson, respectively.  ECF 18-1, p. 2; ECF 18-2, p. 2.  The Levy Defendants objected to Request for Production Nos. 1 and 2 on the bases that the requests were overly broad and unduly burdensome, but nevertheless produced 63 pages of documents.  Defendants represent that they withheld no documents in response to Request for Production Nos. 1 and 2 although 14 pages were redacted based on the attorney-client privilege and the attorney work-product doctrine.  *Defendants' Response*, p. 4.  At the time that she filed *Plaintiff's Motion*, plaintiff believed that the Levy Defendants had withheld responsive documents.  *Plaintiff's Reply*, p. 2.  *Defendants' Response* alleviated this concern and plaintiff indicates that there is no longer a dispute

---

[1]  The Court rejects defendants' contention that *Plaintiff's Motion* should be denied because the case is moot.  *Defendants' Response*, pp. 1-4.  Defendants raised a similar argument in *Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, ECF 23.  On October 9, 2014, the Court denied defendants' motion to dismiss and determined that a case or controversy remains.  *Opinion and Order*, ECF 33.

in connection with Request for Production Nos. 1 and 2 propounded to the Levy Defendants. *Id*.

> Request for Production No. 4 issued to the Levy Defendants seeks
>
> all documents relevant to your representation of PCLLC in Case No. 2006 CVF 045835, including, but not limited to, your retainer agreement with the client;[2] all documents or information of any kind the client gave to you supporting your claims in that matter; all ESI or web-based data accessed by you during the representation; and all communications between you and the client regarding the progress of the collection[.]

ECF 18-1, p. 4; ECF 18-2, p. 4. Request for Production No. 5 issued to PCLLC seeks

> all documents relevant the [sic] Levy Defendants' representation of you in Case No. 2006 CVF 045835, including, but not limited to, your retainer agreement with the firm; all documents or information of any kind you gave to counsel supporting your claims in that matter; and all communications from the firm to you regarding the progress of the collection[.]

ECF 18-3, p. 5. Request for Admission No. 4 propounded to the Levy Defendants provides: "Admit that you informed the client[3] of the actions you were taking to collect the Stevenson account[.]" ECF 18-1, p. 4; ECF 18-2, p. 4. Defendants objected to each of these discovery requests on the basis of the attorney-client privilege and/or the attorney work-product doctrine.[4]

---

[2] It appears that there is no longer a dispute regarding the production of attorney fee agreements. *See Defendants' Response*, p. 6.
[3] Plaintiff's requests do not define "client."
[4] Defendants represent that there was no objection to Request for Production No. 5 issued to PCLLC. *Defendants' Response*, pp. 6-7. However, *Defendants' Response* incorrectly quotes Request for Production No. 5 issued to Yale Levy and the response thereto, *see* ECF 18-1, p. 22, rather than Request for Production No. 5 issued to PCLLC. *See* ECF 18-3, p. 5. PCLLC objected to Request for Production No. 5 issued to PCLLC on the basis that the request

The attorney-client privilege is intended to encourage clients to communicate freely with their attorneys. *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Under federal law, the attorney-client privilege exists when the following elements are met:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by his legal advisor, (8) except the protection be waived.

*Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (quoting *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985)).

Defendants argue that plaintiff's requests seek privileged information because they require defendants to disclose attorney-client communications regarding, and made during the course of, litigation in the municipal court case. *Defendants' Response*, p. 5. This Court agrees.

Plaintiff argues that defendants waived any attorney-client privilege by invoking the "bona fide error" affirmative defense established by 15 U.S.C. § 1692k(c). *Plaintiff's Motion*, p. 7. Citing to *Owen v. I.C. Sys. Inc.*, 629 F.3d 1263 (11th Cir. 2011), plaintiff argues that the invocation of that defense

> puts in play the information upon which Defendants relied in the actions which were violations of the Act. Such a defense opens the door to examination of what information Defendants received from PCLLC, what they did with that information, and why the information was relevant to their

---

calls for the production of documents and things protected by the attorney-client privilege and/or the work-product doctrine. *Id*.

defense.

*Plaintiff's Motion*, p. 7.

A debt collector who invokes the bona fide error defense under 15 U.S.C. § 1692k(c) "must prove by a preponderance of the evidence that the violation was unintentional, that it was the result of a bona fide error, and that the debt collector maintained procedures to avoid the error." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014) (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009)). *Owen* addressed the third element of the bona fide error defense: "whether the debt collector maintained - *i.e.*, actually employed or implemented - procedures to avoid errors," and "whether the procedures were reasonably adapted to avoid the specific error at issue." *Owen*, 629 F.3d at 1274 (internal citations and quotations omitted). Nothing in *Owen* or 15 U.S.C. § 1692k(c) suggests that reliance on bona fide error as an affirmative defense works as a waiver of the attorney-client privilege. Plaintiff is correct that she is entitled to discovery related to the bona fide error defense. However, defendants have already responded to plaintiff's discovery requests seeking documents and information relating to the facts upon which defendants' bona fide error defense rests. *See* ECF 18-1, pp. 21, 22.

### B. Interrogatory No. 13 to Yale Levy, Interrogatory No. 9 to Levy & Associates, LLC, and Interrogatory No. 7 to PCLLC

These interrogatories seek information related to every claim or lawsuit filed against the Levy Defendants and PCLLC asserting FDCPA violations. Plaintiff argues that the information sought is relevant

to the issues presented in this case because it "is axiomatic that the Defendants' conduct in other collection cases, which led to claims of – and possible findings of – violations of the FDCPA, is relevant." *Plaintiff's Motion*, p. 9.  Defendants object on the basis of relevancy.  *Defendants' Response*, p. 8.  The Court agrees that plaintiff has failed to carry her burden of showing that the information she seeks in this regard is relevant to this case. Plaintiff does not argue that her discovery requests are likely to lead to the discovery of admissible evidence; she merely posits – without reference to any claim or defense – that the discovery she seeks is "relevant." *See Plaintiff's Motion*, p. 9.

## C. Interrogatory Nos. 10 and 11 to Yale Levy, Interrogatory Nos. 6 and 7 to Levy & Associates, LLC, and Interrogatory No. 6 to PCLLC

Interrogatory No. 10 propounded to Yale Levy and Interrogatory No. 6 propounded to Levy & Associates, LLC, seek information relating to lawsuits filed by the Levy Defendants on behalf of PCLLC. Plaintiff asks for the name and address of every debtor sued, each law firm that represented each debtor, the court in which each case was filed and the docket number of each case, and whether default judgment was obtained.  ECF 18-1, p. 18; ECF 18-2, pp. 14-15.  Interrogatory No. 11 propounded to Yale Levy and Interrogatory No. 7 propounded to Levy & Associates, LLC, seek the total number of cases filed by the Levy Defendants since January 1, 2009, and the number of those cases that resulted in default judgment.  ECF 18-1, p. 19; ECF 18-2, p. 15. Interrogatory No. 6 propounded to PCLLC seeks information related to

every lawsuit filed on PCLLC's behalf in the State of Ohio for debts acquired by the same purchase agreement as that by which the "Stevenson account" was acquired.  For each such case, plaintiff asks for the court and docket number, the debtor's name and address, the identity of counsel for the debtor and the law firm that represented PCLLC, and whether default judgment was obtained.  ECF 18-3, pp. 15-16.

Defendants argue that it need not produce this information because it may be found in public records; indeed, defendants assert, plaintiff has already conducted a search of lawsuits filed in Franklin County, Ohio, by defendants. *Defendants' Response*, p. 8.  The Court agrees with defendants that the case records plaintiff seeks are available to plaintiff for inspection on the public record. *See e.g.*, *Ohio Graphco, Inc. v. RCA Capital Corp.*, No. 5:09-CV-00041, 2010 WL 411122, at *3 (W.D. Ky. Jan. 28, 2010) ("[T]he Court finds [the plaintiff] is not entitled to the production of pleadings, court files, or other court records, where such records are available as public record.") (citing *Fisher v. Delehant*, 250 F.2d 265, 267 (8th Cir. 1957) (finding the petitioner was not entitled to production of pleadings, court files, and other court records in state court case where such records were available for inspection to petitioner in office of clerk of county court).  However, it is not clear that the information plaintiff seeks is equally accessible to plaintiff and defendants. *See Nurse Notes, Inc. v. Allstate Ins. Co.*, No. 10-CV-14481, 2011 WL 2015348, at *2 (E.D. Mich. May 24, 2011) ("'[I]t is

well established that discovery need not be required of documents of public record which are equally accessible to all parties.'") (quoting *Sec. & Exch. Comm'n v. Samuel H. Sloan & Co.,* 369 F. Supp. 994, 995 (S.D.N.Y. 1973)).  Plaintiff's request to compel responses to Interrogatory Nos. 10 and 11 propounded to Yale Levy, Interrogatory Nos. 6 and 7 propounded to Levy & Associates, LLC, and Interrogatory No. 6 propounded to PCLLC is therefore granted.  At a minimum, defendants must provide to plaintiff sufficient information that would render these public documents as accessible to plaintiff as to defendants.

### D. Interrogatory Nos. 9[5] and 12 to Yale Levy and Interrogatory Nos. 5 and 8 to Levy & Associates, LLC

Interrogatory No. 9 propounded to Yale Levy and Interrogatory No. 5 propounded to Levy & Associates, LLC, seek the identification of PCCLC agents who had contact with the Levy Defendants regarding the Levy Defendants' representation of PCLLC in the "Stevenson collection case." ECF 18-1, p. 17; ECF 18-2, p. 14.  Interrogatory No. 12 propounded to Yale Levy and Interrogatory No. 8 propounded to Levy & Associates, LLC, seek the identification of all attorneys and collections staff employed by the Levy Defendants since January 1, 2009, but who are no longer employed by the Levy Defendants.  ECF 18-1, p. 19; ECF 18-2, p. 16.  *Plaintiff's Motion* merely states that these discovery requests are "appropriate."  *Plaintiff's Motion*, p. 9.

---

[5]  *Defendant Yale R. Levy's Responses to Plaintiff's First Set Interrogatories, Requests for Production, and Requests for Admissions*, ECF 18-1, contains two interrogatories captioned Interrogatory No. 9. *Plaintiff's Motion* appears to address the second Interrogatory No. 9.

Plaintiff elaborated in her reply brief that "[f]ormer employees may well have information as to the Levy Defendants' practices in abusing the justice system and purported debtors as they did in the underlying collection case here." *Plaintiff's Reply*, p. 5.  Plaintiff further argues in her reply that the "persistence and frequency" of abuses by a defendant are relevant to her FDCPA claims and the issue of punitive damages. *Id.*

Defendants have not addressed Interrogatory No. 9 issued to Yale Levy and Interrogatory No. 5 issued to Levy & Associates, LLC, which seek the identification of PCCLC agents who had contact with the Levy Defendants regarding the latter's representation of PCLLC in the "Stevenson collection case."  The Court concludes that these requests are appropriately limited in scope and likely to lead to the discovery of admissible evidence.  Plaintiff's request to compel response to these interrogatories is therefore granted.

With regard to Interrogatory No. 12 propounded to Yale Levy and Interrogatory No. 8 propounded to Levy & Associates, LLC, defendants have "identified by name and title, the employees at Levy & Associates, LLC who worked on the underlying account and the municipal court action." *Defendants' Response*, p. 9.  Defendants argue that the request to identify former employees dating to January 2009 who did not work on the account or the municipal court case is overly broad and amounts to a mere fishing expedition. *Id.*  The Court agrees. These requests are not reasonably calculated to lead to the discovery of admissible evidence.

12

**E. Requests for Admission**

Plaintiff seeks to compel further response or to deem admitted several requests for admission concerning the underlying municipal court action. *Plaintiff's Motion*, pp. 9-10.  In response to a number of those requests, defendants asserted that the court's records speak for themselves and indicated that, after reasonable inquiry, defendants lacked sufficient information to admit or deny the requests.  Defendants also represent that they will not contest the admissibility of the records from the underlying municipal court litigation against "Christine Stevenson AKA Christine A. Evenson." *Defendants' Response*, p. 9.  Defendants argue, however, that they are "not in a position to commit to the contents of the court record[s]" because they "do not possess the entire court record from the underlying municipal court case." *Id.*

To the extent that plaintiff's requests for admission ask that defendants admit the authenticity of court documents, defendants must supplement their responses to those requests.  The mere fact that defendants are not currently in possession of the entire court file does not justify their failure to admit the authenticity of the documents in that file. *See* Fed. R. Civ. P. 36(a)(4)("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

Other requests for admission address legal issues arising in the

underlying municipal court litigation, including, *e.g.,* whether the
municipal court had personal jurisdiction over Christine Evenson in
that litigation. Defendant again declined to admit or deny these
matters on the ground that they are not in current possession of the
entire municipal court file. Without concluding that defendants must
admit such matters, the Court concludes that the articulated basis for
refusing to admit or deny these requests is insufficient. Defendants
must therefore supplement their answers to the following requests for
admission within twenty-one (21) days: Request for Admission Nos. 1-2,
10-17, 19, 23, 25 and 34 propounded to Yale Levy; Request for
Admission Nos. 1-2, 10-17, 19, 23, and 25 propounded to Levy &
Associates, LLC; and Request for Admission Nos. 12-19, 28, and 31
propounded to PCLLC.

### F. Request for Admission No. 28 and Interrogatory No. 28 to Yale Levy

Yale Levy denied plaintiff's Request for Admission No. 28, which
reads: "Admit that you made no inquiry to determine if there was good
ground for the filing of the Motion to Correct the Record." ECF 18-1,
p. 14. Plaintiff seeks to compel response to Interrogatory No. 28,[6]
which asks Yale Levy, should he deny Request for Admission No. 28, "to
state the actions he took prior to filing to confirm his good
grounds." *Plaintiff's Motion*, p. 10. Yale Levy initially invoked the
protection of the attorney work product doctrine, but has since

---

[6]  Interrogatory No. 28 does not appear in any of the attachments to
*Plaintiff's Motion*. The Court assumes that plaintiff is seeking to compel
response to Interrogatory No. 6 propounded to Yale Levy, which seeks this
information.

14

responded to the interrogatory.  *Defendant's Response*, p. 10.  Because this is the only discovery request not addressed in *Plaintiff's Reply*, the Court assumes that there is no ongoing discovery dispute in connection with "Interrogatory No. 28."

### G. Request for Sanctions

Plaintiff has asked for an award of sanctions, including attorney's fees, in connection with *Plaintiff's Motion*.  A court must ordinarily award a movant's reasonable expenses incurred in filing a motion to compel, including attorney's fees, if the motion to compel is granted.  Fed. R. Civ. P. 37(a)(5)(A).  Where, as here, the motion is granted in part and denied in part, a court is authorized to "apportion the reasonable expenses for the motion."  Fed. R. Civ. P. (a)(5)(C).  A court has wide discretion in determining an appropriate sanction under Rule 37.  *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639 (1976); *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir. 1988).  Considering that the parties prevailed in approximate equal degree, the Court concludes that an award of sanctions would be inappropriate.

### H. Request for Extension

Plaintiff also seeks an extension of the date by which motions or stipulations for leave to amend the pleadings may be filed.  Plaintiff specifically asks for thirty (30) days after complete responses to the disputed discovery requests have been served on her.  *Plaintiff's Motion*, p. 11.  Plaintiff represents that she has had difficulty identifying potential additional claims and defendants due to

15

defendants' refusal to permit discovery.  *Id*.

Plaintiff has not demonstrated "good cause" for an extension of the case schedule at this time.  *See* Fed. R. Civ. P. 16(b)(4).  It is not yet clear that any extension will be necessary. Should plaintiff conclude that an amendment to her complaint is warranted based on discovery received as a result of this order, she may proffer a proposed amended complaint and a motion to modify the case schedule at that time.  The Court will resolve any such motion by reference to the standards of Rules 16(b)(4) and 15(a) of the Federal Rules of Civil Procedure.

*Plaintiff's Motion*, ECF 18, is **GRANTED in part** and **DENIED in part**, consistent with the foregoing.


October 23, 2014                        *s/Norah McCann King*
                                        Norah M$^c$Cann King
                                        United States Magistrate Judge