IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christine Evenson,

    Plaintiff,

  v.                         Case No. 2:13-cv-1226

Palisades Collection, LLC,
et al.,

    Defendants.

OPINION AND ORDER

    This is an action filed by plaintiff Christine Evenson against Palisades Collection, LLC ("Palisades"); Levy & Associates, LLC, Yale R. Levy and Abbe Lee Simmons (collectively "the Levy defendants"). In her complaint, plaintiff asserted claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), alleging that the defendants violated the FDCPA by making false and misleading representations in violation of 15 U.S.C. §1692e(2), and by using unfair and unconscionable means to collect a putative debt in violation of 15 U.S.C. §1692f(1). Plaintiff also alleged that defendants, acting as suppliers in connection with a consumer transaction, violated the Ohio Consumer Sales Practices Act, Ohio Rev. Code §1345.01, et seq. ("OCSPA") by engaging in deceptive and unconscionable acts. Finally, she advanced a claim for abuse of process under Ohio law.

    According to the complaint, Palisades, a debt collector, purchased delinquent telephone accounts from AT & T, including an account in the name of Christine Stevenson, with the address of 1399 E. Long Street, Columbus, Ohio, 43203. On October 24, 2006, Palisades filed a complaint in the Municipal Court of Franklin

County, Ohio, seeking to collect the sum of $1,386.05 allegedly due on the AT & T account, naming as the defendant "Christine Stevenson AKA Christine A. Evenson" at the Long Street address. After Palisades obtained service on Christine Stevenson at the Long Street address, Palisades' motion for default judgment was granted, and default judgment was rendered in favor of Palisades in the amount of $1,386.05, plus interest. Although the caption of the judgment entry only refers to Christine Stevenson, the entry states that "default judgment is hereby rendered against the Defendants[.]"

Plaintiff further alleged that Palisades later retained the Levy defendants to collect the debt. On October 22, 2012, the Levy defendants filed a motion to revive the dormant judgment, which was granted by the municipal court. The Levy defendants unsuccessfully attempted to serve Christine Stevenson with a summons by certified and regular mail sent to 5000 Red Bank Road, Galena, Ohio, which was plaintiff's address. Plaintiff learned of the existence of the municipal court case and wrote a letter to the defendants informing them that Stevenson did not reside at her address and that she had never used that name. The Levy defendants thereafter filed a motion with the municipal court to substitute plaintiff's name for that of the judgment debtor, which was granted. Plaintiff also alleged that on July 12, 2013, she received a voice mail message from the Levy defendants stating that she owed a debt of over $2,800 which they were attempting to collect from her. Plaintiff retained counsel, and on November 26, 2013, an order was entered in the municipal court case vacating the judgment against plaintiff and directing that plaintiff's name be removed from the case.

This matter is now before the court on defendants' motion for summary judgment.

I. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, by showing that the materials cited do not establish the absence or presence of a genuine dispute, or by demonstrating that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) and (B). In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

The moving party has the burden of proving the absence of a genuine dispute and its entitlement to summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden of showing the lack of a genuine dispute can be discharged by showing that the nonmoving party has failed to establish an essential element of his case, for which he bears the ultimate burden of proof at trial. Id. Once the moving party

3

meets its initial burden, the nonmovant must set forth specific facts showing that there is a genuine dispute for trial.  <u>Id.</u> at 322 n. 3.  "A dispute is 'genuine' only if based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party."  <u>Niemi v. NHK Spring Co., Ltd.</u>, 543 F.3d 294, 298 (6th Cir. 2008).  A fact is "material" only when it might affect the outcome of the suit under the governing law.  <u>Id</u>; <u>Anderson</u>, 477 U.S. at 248.

The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts[.]"  <u>Matsuchita</u>, 475 U.S. at 586.  A mere scintilla of evidence is not enough.  <u>Anderson</u>, 477 U.S. at 252; <u>Ciminillo v. Streicher</u>, 434 F.3d 461, 464 (6th Cir. 2006).  Further, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.  <u>See</u> Fed. R. Civ. P. 56(c)(3)(noting that the court "need consider only the cited materials").

II. FDCPA Claim

Defendants contend that they are entitled to summary judgment on plaintiff's FDCPA claim.  In order to establish a claim under the FDCPA, plaintiff must show that: 1) she is a "consumer" as defined by the FDCPA; 2) the "debt" arose out of a transaction which was "primarily for personal, family or household purposes," <u>see</u> 15 U.S.C. §1692a(5); 3) the defendant was a "debt collector" as defined by the FDCPA; and 4) the defendant violated one or more of the FDCPA's prohibitions.  <u>Estep v. Manly Deas Kochalski, LLC</u>, 942 F.Supp.2d 758, 766 (S.D.Ohio 2013)(citing <u>Wallace v. Washington</u>

4

Mutual Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012), and Whittiker v. Deutsche Bank National Trust Co., 605 F.Supp.2d 914, 926 (N.D.Ohio 2009)).

"A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt,'" as that term is defined by §1692a(5). Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987); Matin v. Fulton, Friedman & Gullace LLP, 826 F.Supp.2d 808, 812 (E.D.Pa. 2011). The FDCPA does not apply to business debts. Horton v. Trans Union, LLC, No. 12-2072, 2015 WL 1055776 at *5 (E.D.Pa. March 10, 2015). It is the plaintiff's burden to show that the obligation at issue was a consumer debt, that is, one that was incurred "primarily for personal, family or household purposes." Id.; Hunter v. Washington Mutual Bank, No. 2:08-CV-069, 2012 WL 715270 at *2 (E.D.Tenn. March 1, 2012).

Defendants argue that plaintiff's FDCPA claim fails because she failed to allege in her complaint that the debt in question was a consumer debt incurred primarily for personal, family or household purposes. Defendants further argue that summary judgment is warranted because plaintiff has not produced evidence sufficient to establish the existence of a genuine dispute regarding the debt being a consumer debt, a necessary component of the second and fourth elements of her FDCPA claim. They note that there is no evidence in plaintiff's deposition testimony that the AT & T telephone services resulting in the debt at issue were obtained primarily for personal, family, or household purposes. Rather, plaintiff testified that the AT & T account was not her account; that she did not know Christine Stevenson; and that she did not

5

know where the account was used, or how the charges were incurred. Doc. 40-3, pp. 6-8. In fact, there is evidence that plaintiff called the Levy firm on September 24, 2012, claiming that she was the victim of identity theft. Doc. 43-11, pp. 2-3.

This court has held that the lack of allegations in a complaint that the debt in question arose out of a transaction which was primarily for personal, family or household purposes was fatal to the plaintiffs' FDCPA claim. See Estep, 942 F.Supp.2d at 766-767; see also Whittiker, 605 F.Supp.2d at 928. However, even if this court were to grant plaintiff's request to amend her complaint to rectify this deficiency, plaintiff's FDCPA claim cannot survive defendants' motion for summary judgment, as discussed below.

Plaintiff first argues that because she was the victim of identity theft, this court should apply a rebuttable presumption that the account was opened primarily for personal, family or household purposes. However, this court has found no authority sanctioning such an approach, which would essentially shift the burden of proving an element of plaintiff's claim to the defendants, and the court declines to apply such a presumption. The determination of whether a debt is a consumer debt is a fact-driven one to be decided on a case-by-case basis, considering all relevant factors. Boosahda v. Providence Dane LLC, 462 F.App'x 331, 336 n. 7 (4th Cir. 2012). Courts have held that the plaintiff bears the burden of proving this element of the FDCPA claim even in cases of identity theft. See Horton, 2015 WL 1055776 at *7 ("Notwithstanding any allegations of—or even the existence of—identity theft, Plaintiff must show that the Accounts at issue

6

involved a consumer debt in order to succeed on her FDCPA claim."); Toroussian v. Asset Acceptance, LLC, No. CV 12-03519 DDP (AGRx), 2013 WL 5524831 at *6 (C.D.Cal. Oct. 4, 2013)(granting summary judgment on FDCPA claim where victim of identity theft did not produce evidence concerning the nature of the charges made with the credit card opened in her name); Anderson v. AFNI, Inc., NO. 10-4064, 2011 WL 1808779 at *1, 12-14 (E.D.Pa. May 11, 2011)(granting summary judgment on FDCPA claim where plaintiff was victim of identity theft and could not show that the delinquent fraudulent Verizon phone accounts constituted consumer debts).

Plaintiff also observes that defendants did not report to the credit reporting agencies that the debt was a business debt, citing Morgovsky v. Creditors' Collection Service of San Francisco,, No. 92-16563, 1994 WL 47153 (9th Cir. Feb. 15, 1994). However, Morgovsky is distinguishable. In that case, plaintiffs alleged that the defendants violated the FDCPA by falsely reporting to the credit reporting agencies that plaintiffs' debt was a consumer debt, when the parties agreed that the debt was in fact a business debt. The Ninth Circuit held that because the FDCPA also applies to "alleged" consumer obligations, see §1692a(5), plaintiffs stated a claim under the FDCPA for false reporting. Id., 1994 WL 47153 at *1-2. Here, there is no evidence that defendants identified the delinquent account as being either a business debt or a consumer debt in reporting it to the credit reporting agencies. Plaintiff cites no authority which would require defendants to make that distinction. Plaintiff's argument is essentially that defendants should have identified the account as a business account in order to avoid FDCPA liability. This constitutes an impermissible

attempt to shift the burden of proof regarding the nature of the account to the defendants. See Ross v. Panteris & Panteris, LLP, No. 12-6096, 2013 WL 5739145 at *11 (D.N.J. Oct. 22, 2013)(rejecting plaintiffs' arguments that defendants should be required to produce evidence in summary judgment proceedings that the account was a business account, as this would improperly shift the burden of proof to defendants).

Plaintiff next notes a prelitigation report possessed by the Levy defendants which listed the address of "1399 E. Long Street Apt. B" as a probable current address for Christine Stevenson. Plaintiff argues that the naming of an individual, rather than a business, as the account holder and the use of this residential address indicates that the account was for personal and not business purposes. First, there is no evidence in the record that this address was used as a residence. Second, even if it were possible to infer, solely from the address, that it was used as a residence, neither that fact nor the fact that the account holder is an individual is sufficient to show that the debt was a consumer debt. This is because individuals often carry on commercial activities from residential settings. Id., 2011 WL 1808779 at *14; see also Matin, 826 F.Supp.2d at 812. Likewise, a person can be sued in his individual capacity for business debts. Boosahda, 462 F.App'x at 335.

Plaintiff argues that the nature and amount of the debt permit an inference that the account was a personal account. However, the account in question was a telephone account with AT & T. Telephones are used by individuals both for business and personal reasons. The amount of the debt is also not sufficient to

8

establish that the account was a personal account. The amount of the debt when it was assigned to Palisades was $1,386.05. Deposition of Stephen Braun, Vice President of Operations for Palisades, p. 18. The account was opened on January 12, 2002. Braun Dep., p. 15. Because the delinquency date was not provided by AT & T, Palisades used January 14, 2002, as the first date of delinquency, that being 120 days prior to May 4, 2002, when AT & T closed the account and charged the account off its books. Braun Dep., pp. 15-16, 18. Since there is no evidence as to how long the account was open, or that it was open for any significant period of time, the fact that the amount of the delinquency was $1,386.05 says nothing about whether the account was opened for personal reasons or by an individual small business owner.

Plaintiff notes that the credit reports obtained by the Levy defendants indicate that plaintiff worked as an educator, and that these reports fail to show that she ever engaged in commercial or business activity. However, this is irrelevant, as plaintiff claims that she was the victim of identity theft and did not open the account. The issue in this case is whether the account opened in the name of Christine Stevenson using plaintiff's social security number was opened for personal, family or household purposes. Likewise, the fact that plaintiff called the Levy firm on September 24, 2012, to tell them that the account was not hers and that she was the victim of identity theft says nothing about the purpose for which the account was opened.

Plaintiff also refers to the use of validation requirements by the defendants. The record contains no evidence as to whether the defendants provided the information regarding the debt required for

9

validation under the FDCPA, 15 U.S.C. §1592g, in its debtor communications.  However, even assuming that defendants provided validation information concerning the debt in their collection communications to Stevenson and/or plaintiff, this also is insufficient to show that the debt was a consumer debt.  Courts have held that the debt collector's treatment of an obligation as one under the FDCPA is irrelevant to an inquiry regarding the nature of the obligation itself.  See Slenk v. Transworld Systems, Inc., 236 F.3d 1072, 1076 (9th Cir. 2001); Horton, 2015 WL 1055776 at *7;  Matin, 826 F.Supp.2d at 812.  The use of an FDCPA disclaimer does not automatically trigger the protections of the FDCPA.  Boosahda, 462 F.App'x at 334-35 (rejecting argument that debtor should be estopped from denying that debt was a consumer debt due to use of FDCPA disclaimer).  This is because the debt collector could have treated the obligation as a consumer debt in an abundance of caution to protect itself from FDCPA liability.  Id.; Matin, 826 F.Supp.2d at 813; Anderson, 2011 WL 1808779 at *14.  Likewise, the fact that plaintiff claims that she asked defendants to validate the debt under the FDCPA says nothing about the nature of the account in light of plaintiff's deposition testimony that she had no knowledge concerning the account.

Finally, plaintiff argues that defendants' failure to provide an itemized statement of the transactions in the delinquent account deprived her of the ability to establish that the account was opened for personal reasons, citing Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777 (6th Cir. 2014).  That case addressed 15 U.S.C. §1692g(b), which requires a debt collector, upon timely dispute of the debt by the consumer, to verify the debt

10

by obtaining a copy of a judgment or the name and address of the original creditor and sending this information to the debtor. The purpose of the verification requirement is to enable the consumer to sufficiently dispute the payment obligation. Id. at 785.

The court notes that plaintiff did not allege a violation of §1692g(b) by the defendants in her complaint, and she cannot do so now for the first time in opposing defendants' motion for summary judgment. See Joostberns v. United Parcel Services, Inc., 166 F.App'x 783, 788 (6th Cir. 2006)(holding that district court properly dismissed a claim made for the first time in response to defendant's motion for summary judgment). In any event, whatever information defendants provided to plaintiff was sufficient for her to dispute the debt by allowing her to ascertain that the account was not hers and that she was the victim of identity theft. Thus, the issue here is not one of lack of adequate verification under Haddad.

Rather, plaintiff argues that Palisades should have requested more detailed information concerning the delinquent account from AT & T when it acquired the account. There is no evidence that defendants possessed information concerning the account which was not disclosed to plaintiff in discovery. Braun testified that Palisades obtained certain generic information concerning the account and the debtor from AT & T, but did not receive any kind of account statements. Braun Dep., pp. 10-11. Essentially, plaintiff is contending that Palisades should have gathered this information so that it could then be provided to her in discovery, thereby assisting her in proving that the debt was a consumer debt. She does not explain why she could not have obtained this information

from AT & T herself.  Plaintiff is again seeking to shift the burden of proof to defendants.

The court concludes that plaintiff's arguments concerning the nature of Stevenson's debt "amount to nothing more than conjecture or speculation" and that "[n]o reasonable jury could find, based on the evidence" that the obligation at issue here was consumer debt. Anderson, 2011 WL 1808779 at *14.  In so holding, this court is not weighing the evidence.  Even drawing all reasonable inferences and viewing all the evidence in favor of plaintiff, see Matsushita, 475 U.S. at 587, plaintiff has not produced evidence sufficient to show the existence of a genuine dispute of fact, that is, one "based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party[,]"  Niemi, 543 F.3d at 298, regarding an essential element of her FDCPA claim.  Defendants are entitled to summary judgment on plaintiff's FDCPA claim.

### III. State Law Claims

Defendants argue that they are entitled to summary judgment on plaintiff's OCSPA and abuse of process claims.  Plaintiff did not oppose defendants' arguments regarding these claims in her response to the defendants' motion for summary judgment. See Brown v. VHS of Michigan, Inc., 545 F.App'x 368, 372 (6th Cir. 2013)(plaintiff is deemed to have abandoned a claim when plaintiff fails to address it in response to a motion for summary judgment). Rather, in her memorandum contra, plaintiff stated that "Defendants correctly inform this Court that there is no state cause of action that would provide a remedy for Mrs. Evenson[.]"  Doc. 47, pp. 11-12 (emphasis in original).  Therefore, plaintiff has effectively conceded that summary judgment is appropriate on those claims.  The court also

12

agrees with defendants' arguments in regard to those claims, and finds that defendants' motion for summary judgment on the Ohio law claims is well taken.

IV. Conclusion

In accordance with the foregoing, defendants' motion for summary judgment (Doc. 40) is granted. The clerk shall enter judgment in favor of the defendants on plaintiff's claims.

Date: June 1, 2015                  s/James L. Graham
James L. Graham
United States District Judge